**Not for Publication**

|  |  |
|---|---|
| SAMIR HALABI, | |
| *Plaintiff,* | Civil Action No. 17-1712 |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, ALL THE WORLD, | **OPINION** |
| *Defendant.* | |

**John Michael Vazquez, U.S.D.J.**

This case arises from Plaintiff's claim that Defendant's 2016 foreclosure on Plaintiff's residence was unlawful. The present matter comes before the Court on Defendant Federal National Mortgage Association's ("Defendant" or "FNMA") motion to dismiss *pro se* Plaintiff Samir Halabi's ("Plaintiff" or "Mr. Halabi") Complaint. Defendant moves to dismiss the Complaint pursuant to Federal Rule 12(b)(1) for lack of subject-matter jurisdiction and pursuant to Federal Rule 12(b)(6) for failure to state a claim. D.E. 3. Plaintiff submitted a brief in opposition to this motion, D.E. 4,[1] to which Defendant replied. D.E. 5.[2] The Court reviewed the submissions in support and in opposition, and considered the motion without oral argument

---

[1] Plaintiff was to submit any opposition to Defendant's motion to dismiss by April 3, 2017. Neither Defendant nor the Court received Plaintiff's opposition until April 18, 2017. Therefore, Defendant requests that the Court disregard Plaintiff's opposition. Def. Rep. at 1-2. Because Plaintiff is proceeding *pro se*, the Court will consider Plaintiff's opposition (D.E. 4), notwithstanding its tardiness. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2] In this Opinion, Defendant's motion to dismiss (D.E. 3) will be referred to as "Def. Brf." Plaintiff's brief in opposition (D.E. 4) will be referred to as "Pl. Opp." Defendant's reply brief (D.E. 5) will be referred to as "Def. Rep."

pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below,

Defendant's motion is **GRANTED**.

## I.  BACKGROUND

### A. Factual Background

The following facts are derived from Plaintiff's Complaint as well as the exhibits

attached to the Complaint and the exhibits attached to Defendant's motion to dismiss.[3]

Plaintiff alleges that he purchased the property located at 460 14th Avenue, Newark, New

Jersey, 07106, Block 4006, Lot: 2 ("460 14th Ave.") for $178,500 on February 27, 2004. D.E. 1-

1 pg. ID. 8. From 2004 to 2010, Plaintiff paid $23,837.46 towards the down payment and made

monthly payments of $1,417.63, including taxes and insurance (approximately equating to a total

of $142,918.38). *Id.* Plaintiff believes that at the time of his purchase, the original lender

manipulated the appraisal of 460 14th Ave. *Id.* Further, at some point following the 2004

purchase, Plaintiff believes that several banks falsely claimed ownership rights in 460 14th Ave.

*Id.* Then, on October 4, 2016, Defendant FNMA foreclosed on 460 14th Ave. and listed the

house for sale at $87,500. *Id.* at pg ID. 9.

---

[3] The specific factual allegations in the Complaint are, at times, unclear. However, a somewhat more complete picture is made possible when considering the Complaint in conjunction with the exhibits attached to the pleading and those attached to Defendant's motion to dismiss. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). In this matter, Defendant attaches the documents from the underlying state foreclosure action. Plaintiff does not contest the accuracy of the documents.

Defendant clarifies that on February 25, 2004, Plaintiff executed a mortgage ("Mortgage") and signed a note in the amount of $160,650 from CitiMortgage, Inc. Def. Brf, Ex. D; D.E. 3-6. The property at 460 14th Ave. was security for the loan. *Id.* On February 27, 2004, the Mortgage was recorded in the Office of the Essex County Register. *Id.*

Defendant further demonstrates that on December 23, 2009 CitiMortgage filed a complaint in state court alleging that Mr. Halabi (in that case, the defendant) had failed to pay the required monthly amounts of $963.18 from August 1, 2009, through the date of filing. Def. Brf., Ex. C; D.E. 3-5. The Mortgage was assigned to FNMA on February 10, 2014. Def. Brf, Ex. E; D.E. 3-7. Pursuant to the assignment, FNMA was substituted as plaintiff in CitiMortgage's pending foreclosure matter. Def. Brf, Ex. F; D.E. 3-8.

On September, 10, 2015, the Superior Court of New Jersey, Chancery Division, Essex County, found that FNMA had served Mr. Halabi with the summons and complaint but that Mr. Halabi had failed to respond, even after default was entered against him. Def. Brf., Ex. A, D.E. 3-3. The state court, therefore, entered final foreclosure judgment against Mr. Halabi, finding that he owed FNMA $249,358.47. *Id.* Thereafter, on April 26, 2016, FNMA purchased 460 14th Ave. for $100 at a sheriff's sale. Def. Brf., Ex. H, D.E. 3-10.

## B. Procedural History

In early 2017, Plaintiff filed a quiet title action for 460 14th Ave. in the Superior Court of New Jersey, Essex County. D.E. 1-1. Defendant was served with a copy of the Complaint on February 14, 2017. *Id.* On March 15, 2017 Defendant removed this matter to federal court. D.E. 1. Then on March 22, 2017, Defendant filed a motion to dismiss the Complaint pursuant to Federal Rule 12(b)(1) for lack of subject-matter jurisdiction and pursuant to Federal Rule 12(b)(6) for failure to state a claim. Plaintiff submitted a brief in opposition to this motion, D.E.

4,[4] to which Defendant replied. D.E. 5. The Court then ordered Defendant to provide

supplemental authority on its *Rooker-Feldman* analysis. Defendant complied. D.E. 8.

## II.   **LEGAL STANDARD**

### a. Federal Rule of Civil Procedure 12(b)(1)

In deciding a Rule 12(b)(1) motion for lack of subject-matter jurisdiction, a court must

first determine whether the party presents a facial or factual attack because the distinction

determines how the pleading is reviewed.[5] A facial attack "contests the sufficiency of the

complaint because of a defect on its face," whereas a factual attack "asserts that the factual

underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites."

*Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (quoting *Moore v.*

*Angie's List, Inc.*, 118 F. Supp. 3d 802, 806 (E.D.Pa. 2015)). For a factual attack, "the court may

consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould*

*Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v.*

*United States*, 341 F.3d 193 (3d Cir. 2003). The burden is on the Plaintiff to prove the Court has

jurisdiction. *Id.*

### b. Federal Rule of Civil Procedure 12(b)(6)

---

[4] The Court recognizes that Plaintiff is proceeding *pro se* and must, therefore, not hold him to the same stringent level required of lawyers. In his opposition, however, Plaintiff spends the majority of time addressing issues which have no bearing on this matter. For example, Plaintiff discusses securities fraud, securities law, investors, SEC enforcement actions, SEC cases, disgorgement, antitrust, a bill of particulars, estates and wills, and trademarks under New Jersey law.

[5] This Court also has an independent obligation to establish that it has subject-matter jurisdiction. *Morel v. INS*, 144 F.3d 248, 251 (3d Cir. 1998) ("[A federal] court . . . will raise lack of subject-matter jurisdiction on its own motion.") (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

As noted above, Defendant attached records of the state court foreclosure proceeding to its motion to dismiss. The Court may take judicial notice of such proceedings at this stage. *S.*

*Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("Specifically, on a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.")

Finally, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds him to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "Court need not . . . credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

## III.   ANALYSIS

Plaintiff's Complaint seeks to quiet title to 460 14th Ave. and have the property re-conveyed to him. Defendant first argues that this Court lacks subject-matter jurisdiction over this action under Federal Rule 12(b)(1) based on the *Rooker-Feldman* doctrine. Def. Brf. at 6-8. Defendant, then, argues that the Complaint should be dismissed under Federal Rule 12(b)(6) based on New Jersey's entire controversy doctrine, *res judicata*, and failure to plausibly plead an entitlement to quiet title. *Id.* at 8-12.

### a.   12(b)(1)

#### 1.   *Rooker-Feldman* Doctrine

The Court finds the *Rooker-Feldman* doctrine inapplicable here. "The *Rooker-Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)); *see also Williams v. BASF Catalysts LLC*, 765 F.3d 305, 315 (3d Cir. 2014). The

Third Circuit has ruled that the doctrine applies when four elements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."[6] *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

"The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Great W. Mining*, 615 F.3d at 166. The Third Circuit advises that "[t]he second requirement—that a plaintiff must be complaining of injuries caused by a state-court judgment—may also be thought of as an inquiry into the source of the plaintiff's injury." *Id.* at 166 (citing *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir. 2006). "A useful guidepost is the timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been 'caused by' those proceedings." *Id.* at 167. The Third Circuit has explained that the fourth requirement is "closely related" to the second requirement, *id.* at 168, but that the fourth requirement is aimed at plaintiff asking a federal district court to engage in "appellate review of state-court decisions or a review of the proceedings already conducted by the lower tribunal to determine whether it reached its result in accordance with law." *Id.* (internal citations and quotations omitted).

---

[6] The Third Circuit previously relied on a different test to determine whether the *Rooker-Feldman* doctrine applied to a subsequent federal suit. However, in light of *Lance* and *Exxon Mobil*, the Third Circuit concluded that "'caution is now appropriate in relying on our pre-*Exxon* formulation of the *Rooker-Feldman* doctrine,' which focused on whether the state and federal suits were 'inextricably intertwined.'" *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 169 (3d Cir. 2010) (quoting *Gary v. Braddock Cemetary*, 517 F.3d 195, 200 n.5 (3d Cir. 2008)). In place of the "inextricably intertwined" analysis, in *Great W. Mining*, the Third Circuit concluded that a four-factor test is appropriate.

The United States Supreme Court's most recent case on the *Rooker-Feldman* doctrine, *Skinner v. Switzer*, reaffirmed that the *Rooker-Feldman* doctrine is triggered when "[t]he *losing party in state court file[s] suit* in a U.S. District Court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking federal-court review and rejection of that judgment." 562 U.S. 521, 531 (2011)(emphasis added). Here, it was not Plaintiff, the losing party in state court, but Defendant who brought this matter into federal court through a removal action. Defendant cites one District of New Jersey case, *Patetta v. Wells Fargo Bank, NA*, 2010 WL 1931256, at *1 (D.N.J. May 13, 2010), in support of its *Rooker-Feldman* position. *Patetta*, however, is not binding on this Court, and the Court respectfully disagrees with its conclusion. The thrust of the *Rooker-Feldman* doctrine is to prohibit "state court losers" from seeking relief from federal district courts. Here, Plaintiff was the state court loser in the foreclosure action, but he did not seek relief in federal court. Instead, he filed his suit in state court. Defendant then removed this matter to federal court, followed by a prompt argument that it was improper for Plaintiff to seek relief here. Defendant cannot have its cake and eat it too. Defendant could have raised its *res judicata* and entire controversy arguments in state court. However, once Defendant decided to remove this matter to federal court, it cannot be heard to complain that it should not be in federal court.

### b. 12(b)(6)

#### 2. *Res Judicata* and New Jersey's Entire Controversy Doctrine

Despite the inapplicability of *Rooker-Feldman* here, the *res judicata* doctrine and New Jersey's entire controversy doctrine still warrant dismissal of the Complaint. "Although *res judicata* is an affirmative defense, it may be considered on a motion to dismiss if its applicability can be determined from the face of the complaint and documents properly considered on a Rule

12(b)(6) motion." *Siljee v. Atl. Stewardship Bank*, 2016 WL 2770806, at *6 (D.N.J. May 12, 2016). The Court finds that these doctrines of claim preclusion are applicable at this stage.

To determine whether a state court judgment precludes subsequent federal court action, the federal court must look to "the law of the state that adjudicated the original action." *Id.* (citing *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 357 (3d Cir. 1999)). Here, the applicable state law comes from New Jersey. New Jersey and federal law require the same three elements for *res judicata*:

> (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.

*Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 124 N.J. 398, 412 (1991). Further, "[c]laim preclusion applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined." *Id.*

New Jersey's entire controversy doctrine and *res judicata* "are blood relatives." *Rycoline Prod., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). "The entire controversy doctrine is essentially New Jersey's specific, and idiosyncratic, application of traditional res judicata principles." *Id.* Similar to *res judicata*, the entire controversy doctrine "extinguishes any subsequent federal-court claim that could have been joined, but was not raised in the prior state action." *Siljee*, 2016 WL 2770806, at *7. The New Jersey Supreme Court has explained the purposes of the entire controversy doctrine as threefold: "(1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of

waste and the reduction of delay." *DiTrolio v. Antiles*, 142 N.J. 253, 267 (1995) (citing *Cogdell v. Hospital Center,* 116 N.J. 7, 15 (1989)).

New Jersey Court Rule 4:30A, which codifies the entire controversy doctrine, provides that "[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine." However, Rule 4:30A only applies to claims that could have been joined in the prior proceeding, *Siljee*, 2016 WL 2770806, at *8, and directly limits the doctrine's reach on claims arising out of a foreclosure proceeding through reference to Rule 4:64-5. New Jersey Court Rule 4:64-5, in turn, provides that "[u]nless the court otherwise orders on notice and for good cause shown, claims for foreclosure of mortgages shall not be joined with non-germane claims against the mortgagor or other persons liable on the debt. Only germane counterclaims and cross-claims may be pleaded in foreclosure actions without leave of court." Thus, Rule 4:64-5 limits the entire controversy doctrine's reach in the foreclosure context to "germane" claims. In other words, if a claim was not germane, it need not have been brought in the prior foreclosure action and would not be subject to the entire controversy doctrine.

A claim is germane if it arises out of the underlying mortgage transaction. *Siljee*, 2016 WL 2770806, at *8 (quoting *Leisure Technology–Northeast v. Klingbeil Holding Co.*, 349 A.2d 96 (N.J. Super. Ct. App. Div. 1975). Several types of claims have been found germane to New Jersey foreclosure actions, "including those challenging the circumstances surrounding origination of the loan, those challenging the validity of the loan itself, and those challenging the amount due on the mortgage." *Lichtenstein v. Select Portfolio Servicing*, 2011 WL 1560673, at *3 (D.N.J. Apr. 25, 2011) (citing *Bank of New York v. Ukpe,* 2009 WL 4895253 (D.N.J. Dec. 9, 2009)); *Assocs. Home Equity Servs., Inc. v. Troup,* 778 A.2d 529, 540 (N.J. Super. Ct. App. Div.

2001). Importantly, actions for quiet title have been found to be germane to foreclosure actions. *Guaba v. World Sav. Bank*, 2014 WL 6870995, at *2 (D.N.J. Dec. 3, 2014).

The Court finds that both *res judicata* and the entire controversy doctrine apply here. As to *res judicata*, the Court finds the necessary three elements for claim preclusion are present. The state court mortgage foreclosure was a final judgment on the merits. The prior suit involved the same parties, Mr. Halabi and FNMA. The subsequent suit, the present matter, arises out of the same mortgage transaction litigated in state court.

Similarly, as to entire controversy doctrine, the Court finds that Plaintiff's claim for quiet title is germane to the prior state court mortgage foreclosure. In his Complaint, Plaintiff challenges the title and ownership of 460 14th Ave. Such a claim could have, and should have been, raised during the state foreclosure proceeding because it challenges the very validity of the mortgage and foreclosure proceeding. New Jersey law, therefore, prohibits the Court from considering Plaintiff's claim for quiet title at this point. Accordingly, Plaintiff's Complaint is dismissed pursuant to Rule 12(b)(6).[7]

A court must grant leave to amend a complaint "absent evidence that amendment would be futile or inequitable." *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). An amended complaint would be futile if it "would fail to state a claim upon which relief could be granted." *Id.* at 115. Because, here, the deficiencies in Plaintiff's Complaint cannot be cured through amended pleadings the Court finds that any future amendment would be futile.

---

[7] Because the Court finds *res judicata* and the entire controversy applicable here and, further, that they warrant dismissal of the Complaint, the Court will not reach Defendant's argument that Plaintiff failed to plausibly plead his claim for quiet title.

# IV. **CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss is granted. The Court further finds that any further amendment would be futile. Therefore, Plaintiff's Complaint is dismissed with prejudice. A dismissal with prejudice means that Plaintiff is precluded from filing any future suit against Defendant concerning the allegations in the Complaint. An appropriate Order accompanies this Opinion.

Dated: February 5, 2018

John Michael Vazquez, U.S.D.J.